**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12499

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ABRAHAM OTHMAN YACOUB,
   a.k.a. Ibrahim O.I. Ayyad,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00411-KKM-NHA-1

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Abraham Yacoub pleaded guilty to entering an airport with the intent to evade security procedures and possessing a firearm

while attempting to get on a flight.  At sentencing, the district court applied a fifteen-point enhancement to Yacoub's base offense level over his objection and sentenced him to forty-two months' imprisonment.  When the district court imposed Yacoub's sentence, it noted that his sentence would have been the same even if it had not considered the guideline range.  Because we conclude that any error by the district court would have been harmless, we affirm.

## I.

Yacoub planned to fly from Tampa International Airport to Las Vegas.  He was passing through security screening when a Transportation Security Administration agent saw a gun in his backpack.  While the agent went to get a supervisor, Yacoub grabbed his bag, went to a bathroom, and stashed the gun in a trash can.  During an extended search that required evacuating the terminal, police eventually found the gun and arrested Yacoub.

As a result, Yacoub was indicted for entering an airport with the intent to evade security procedures and possessing a firearm while attempting to get on a flight, in violation of 49 U.S.C. sections 46314(a), 46314(b)(2), and 46505(b)(1).  He pleaded guilty.

Before his sentencing hearing, the probation office prepared a presentence investigation report that recommended enhancing Yacoub's base offense level by fifteen points because he acted "willfully and without regard for the safety of human life, or with reckless disregard for the safety of human life."  *See* U.S.S.G. § 2K1.5(b)(1).  Yacoub objected to the enhancement but the district court overruled the objection, adopted the probation office's

recommended guideline range, and sentenced Yacoub within that range to forty-two months' imprisonment. Still, the court explained, it would have imposed the same sentence even if it erred in imposing the enhancement.

Yacoub appeals his sentence.

## II.

On appeal, Yacoub again challenges the enhancement to his guideline range. But before addressing the merits of his challenge, we first consider whether reversal would lead to a different result. To avoid "pointless reversals and unnecessary do-overs," when "a decision either way will not affect the outcome of" the sentencing, we need not decide a disputed sentencing issue. *United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006) (citation modified). In *Keene*, we explained that we need not decide a disputed sentencing issue where (1) the district court makes clear that it would have imposed the same sentence after considering the 18 U.S.C. section 3553(a) factors even if the issue was resolved in the defendant's favor, and (2) the sentence is substantively reasonable even under the error-free guideline range. *Id*. at 1349.

Here, as in *Keene*, the district court explained that it would have imposed the same sentence even if the enhancement did not apply. So, we look to whether the forty-two month prison sentence was substantively reasonable without the enhanced guideline range.

Having looked, we agree with the government that it was. Yacoub brought a loaded gun in his backpack for a flight to Las

Vegas.  When he was caught, Yacoub took the backpack from the x-ray machine, went to the bathroom, and hid the gun.  He then lied to federal officials about bringing the gun to the airport.  As a result, the terminal at Tampa's airport had to be evacuated and numerous flights were delayed.  This was so, the federal security director of the Tampa airport explained, because "[t]he introduction and abandonment of a firearm into the sterile area presents a[n] existential threat to the public."  Yacoub understood this.  That's because, two years earlier, he brought another gun in his carry-on luggage into the secured area at the Miami airport, which resulted in a guilty plea to carrying a concealed firearm.

Considered together—Yacoub's history of bringing guns to the airport, the danger his doing so posed to the public, the impact his conduct had on others, and his lies and obstruction when confronted about the gun—we cannot say that his sentence was unreasonable.  *See Gall v. United States*, 552 U.S. 38, 46 (2007).  This is especially so given that the sentence was well below the statutory maximum.  *See United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021).  Because any error in enhancing Yacoub's guideline range was harmless, we affirm his sentence.

**AFFIRMED.**